UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

George J. Malico,           :
        Petitioner,         :
                            :
    v.                      :     File No. 2:07-CV-236
                            :
Robert Vale, William        :
Sorrell, Karen Carroll,     :
John Mariano, Christin      :
Semprebon,                  :
        Respondents.        :

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 1 and 4)

George Malico, proceeding *pro se*, has filed a petition
for writ of habeas corpus pursuant to 28 U.S.C. § 2254.
Malico is challenging the validity of a state court civil
contempt order.  The State has moved to dismiss the petition
as meritless.  For the reasons set forth below, I recommend
that the petition be DENIED and that this case be DISMISSED.

Factual Background

The facts of this case are not clearly set forth in
either Malico's petition or the State's motion to dismiss.
A brief history was provided in a Vermont Supreme Court
decision dated March 28, 2007.  In that case, as here,
Malico was challenging a family court order finding him in
contempt for failing to pay child support.

In November 2004, the family court determined that
a March 14, 1994 Florida child support order was

the controlling order pursuant to 15B V.S.A. §
207(c) with respect to defendant's child support
obligation.  The family court affirmed this ruling
in a July 2005 order from which defendant did not
appeal.  In December 2005, the magistrate
registered and confirmed the Florida order for
purposes of enforcement.  In doing so, the
magistrate, among other things, specifically
rejected defendant's objection to registration and
enforcement of the order based on provisions of
the Uniform Commercial Code (UCC).  Following a
January 2006 enforcement hearing, the magistrate
ordered defendant to pay the amount required by
the Florida order in addition to a monthly amount
on arrears totaling more than $50,000.  Defendant
did not appeal from that order or the magistrate's
later order suspending his driver's license for
failure to comply with the enforcement order.

In June 2006, the Office of Child Support (OCS)
filed a petition to hold defendant in civil
contempt pursuant to 15 V.S.A. § 603 for his
failure to obey a lawful child support order.
Defendant participated at the motion hearing by
telephone from Florida.  Following the hearing, at
which defendant refused to testify under oath, the
family court found him in contempt and ordered him
to pay $4500 by a specified date to purge himself
of the contempt and avoid issuance of a mittimus
for his incarceration.

(Paper 4-11 at 1).[1]  The Vermont Supreme Court affirmed the

family court's contempt order, rejecting Malico's claim that

the State's demand for child support needed to be validated

under the Uniform Commercial Code (UCC).  Id. at 2.  The

court also turned aside for lack of error a claim that

---

[1]  Malico tried to remove the family court action to this Court in 2005, but
the Court remanded the matter back to state court.  Office of Child Support v.
Malico, File No. 1:05-CV-24.

Malico was denied the opportunity to present an offer of proof.  "Defendant's offer of proof was to read his UCC demands into the record.  As defendant acknowledges, his written arguments had already been filed with the court." Id.

Malico subsequently moved to disqualify Justice Dooley of the Vermont Supreme Court, arguing that Dooley's oath of office was not properly filed.  This motion was denied initially, and twice upon reconsideration.  (Papers 4-9 and 4-10).  A mittimus has been issued for Malico's arrest, but the State reports that he is not currently in custody "because he cannot be located."  (Paper 4 at 1).

Malico now brings a federal habeas corpus petition challenging the legitimacy of the contempt order. Specifically, he contends that he is faced with "the unlawful threat of arrest and detention, which has occurred without consent, or permission of the Affiant, or lawful process."  (Paper 1 at 2).  Malico alleges that the order against him is invalid since he is "not in receipt of any valid lawful court order with Seal and teste of process-affixed hereto."  Id. at 2.  He further claims that he did not receive documentation "which purports the nature and

3

cause of the accusation," and that the mittimus for his arrest is "void of process." Id. at 4.

Malico also challenges the power of the Vermont Supreme Court, citing the oath of office issue, and the validity of the Florida judgment that first established his child support obligation. He reiterates the UCC arguments previously presented in state court, and repeatedly withholds his consent to having this matter finally decided by a magistrate judge. Malico presents his claims as "an inhabitant upon the land of the Vermont Republic and specifically not a resident of the corporate STATE OF VERMONT." Id. at 1.

## Discussion

As an initial matter, it is not clear that Malico has exhausted all of his arguments in state court. Claims that have been exhausted may be addressed on the merits. 28 U.S.C. § 2254(d). District courts also have discretion to deny unexhausted claims on the merits. 28 U.S.C. § 2254(b); Pratt v. Grenier, 306 F.3d 1190, 1197 (2d Cir. 2002). Because Malico's claims, both exhausted and unexhausted, are without merit, I recommend that his entire petition be DENIED.

4

When claims have been exhausted in state court, the federal court's review is limited in scope.  See 28 U.S.C. § 2254(d).  Under the § 2254 standard, the reviewing court may grant habeas relief only where the state court's adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."  See 28 U.S.C. §§ 2254(d)(1) & (2).  When factual determinations are considered, the petitioner must present clear and convincing evidence to rebut the presumption that state court findings of fact are correct.  Id. at § 2254(e)(1).

Malico presented his UCC and offer of proof claims to the Vermont Supreme Court.  That court summarized the UCC argument as being based upon a theory that "the nation went bankrupt in the 1930's and rendered its currency worthless by abandoning dollars backed by precious metals in favor of dollars in the form of federal reserve notes."  (Paper 4-11 at 2).  Those notes, according to Malico, are governed by the UCC.  The Vermont Supreme Court squarely rejected this

5

argument: "We fail to see how the UCC, or how any of the political and fiscal shenanigans recited by defendant, have any application with respect to the family court's jurisdiction . . . or the particular orders in this case." <u>Id.</u>

The UCC question does not present an issue of federal law. The UCC itself is a model statue that has been adopted by the states. <u>See</u> <u>In re Edison Bros.</u>, 207 B.R. 801, 809 n.7 (Bankr. D. Del. 1997). Furthermore, issues related to family law are customarily reserved for the state courts. <u>See</u> <u>Robinson v. Pabon</u>, 2002 WL 32136677, at *2 (D. Conn. Jan. 2, 2002). With no federal issue at hand, this Court's review is limited to the Vermont Supreme Court's determination of the facts. The facts presented with respect to the UCC issue, however, were largely historical, and the question before the state court was primarily legal in nature. With no federal question having been raised, and with no relevant facts to review, there is no basis for this Court to grant habeas corpus relief. I thus recommend that Malico's request for relief based upon his UCC claim be DENIED.

Malico also challenges the Vermont Supreme Court's

power to issue a ruling.  Even if Malico's factual allegations are accurate, the U.S. Supreme Court has ruled that "the *de facto* officer doctrine confers validity upon acts performed by a person acting under the color of official title even though it is later discovered that the legality of that person's appointment or election to office is deficient."  <u>Ryder v. United States</u>, 515 U.S. 177, 180 (1995).  Because Justice Dooley and his fellow Justices acted "under the color of official title," their rulings were unquestionably valid.

     To the extent that Malico brought due process claims before the Vermont Supreme Court, those claims were properly dismissed for lack of merit.  Malico was present at the contempt hearing, refused to be sworn in, and did not offer any additional evidence or testimony.  Denial of his request to submit an "offer of proof" violated no clearly established federal law, as the offer would have merely restated the UCC argument set forth in his written submissions.  <u>See</u>, <u>e.g.</u>, Fed. R. Evid. 103 ("Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected
. . . .").

Malico's claim that he did not receive proper notice is equally meritless.  It is undisputed that Malico received both the initial and amended contempt orders.  A copy of the original contempt order is attached to his filings, and includes his handwritten rejection of it as "unconscionable at UCC 2-302 and returned for cause."  (Paper 5-2 at 1).  Malico also rejected the amended contempt order, calling it an "unattested presentment" that he refused "for cause pursuant to UCC 3-501."  (Paper 4-4 at 1).  As indicated by Malico's protests, his notice claim appears to be based on his belief that the contempt orders were invalid, and therefore void.  However, nothing on the face of the orders indicates any invalidity.  Instead, it is Malico's effort to tie child custody proceedings to the Uniform Commercial Code that lacks validity.  Accordingly, his argument on the notice issue is frivolous.

Malico further claims that any effort to arrest him will be "without warrant of probable cause and without the lawfully required affidavit of 'Victim' in fact."  (Paper 1 at 2).  The documents by Malico are unnecessary, as the Vermont courts are enforcing a civil contempt order.  It is well established that state courts, and specifically

8

Vermont's family courts, have the power to incarcerate those who violate their orders.  See 15 V.S.A. § 603; 12 V.S.A. § 123.  Malico's claim that his arrest papers lack appropriate documentation is, therefore, without merit.

The petition also makes reference to the lack of a "jury award for restitution," and a resulting violation of the Seventh Amendment.  While the right to a jury trial is federally protected under the Seventh Amendment, that provision has not been applied to the states.  See Curtis v. Loether, 415 U.S. 189, 192 n.6 (1974); GTFM, LLC v. TKN Sales, Inc., 257 F.3d 235, 245 (2d Cir. 2001).  Moreover, because "child support proceedings have been considered equitable and not legal in nature," such proceedings are left to the discretion of the trial court and not a jury. E.R.B. v. J.H.F., 496 A.2d 607 (D.C. 1985) (citations omitted).  Accordingly, Malico was not entitled to a jury trial.

In sum, Malico's arguments are entirely without merit. The state courts have determined that he is in violation of a contempt order arising out of his failure to pay child support, and have issued a mittimus for his arrest.  The § 2254 petition currently before the Court provides no valid

reason why the Court should disturb either the state courts' decisions or the arrest process.  I therefore recommend that Malico's petition be DENIED.

Conclusion

For the reasons set forth above, I recommend that the State's motion to dismiss (Paper 4) be GRANTED, that Malico's petition (Paper 1) be DENIED, and that this case be DISMISSED.

Dated at Burlington, in the District of Vermont, this 18th day of April, 2008.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge


Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).